IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SAEED YOUNGER, #K-66692, )
)
            **Plaintiff,** )
)
vs. ) CIVIL NO. 10-454-GPM
)
DONALD A. HULICK, *et al.*, )
)
            **Defendants.** )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting

exhibits, the Court finds that the claims asserted in the complaint must be dismissed at this point in the litigation.

## FACTS ALLEGED IN COMPLAINT

On April 20, 2008, Defendant Hume found a book lying on the floor in front of Plaintiff's cell; Plaintiff claims that the book did not belong to him. Based on the contents of the book and the location where it was found, Defendant Hume assumed that the book belonged to Plaintiff; Plaintiff was written a disciplinary ticket for possession of contraband relating to gang or unauthorized activity. The disciplinary report was signed by Defendants Hulick, Rees, and Thomas. Plaintiff was sent to a disciplinary hearing, where Defendants GoForth and Johnson found him guilty and sentenced him to segregation. Plaintiff filed a grievance, which Defendant Suhre denied.

## DISCUSSION

Plaintiff alleges that his rights were violated when he was written a disciplinary ticket and sent to segregation based on a book that wasn't his. A plaintiff states a claim for violation of procedural due process rights when he alleges that defendants have filed and/or approved disciplinary tickets, reports, and other documents that contain false charges that are not supported by *any evidence*. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000); *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). The issuance of these documents containing false statements rises to a substantive due process violation where the charges were fabricated in retaliation for the plaintiff's exercise of a constitutional right. *Id.* at 1402-03; *see Cain v. Lane*, 875 F.2d 1139, 1145 (7th Cir. 1988); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (stating that the filing of a false disciplinary charge against a prisoner is actionable under §1983 where it is done for retaliatory purposes).

In this case, there is no substantive due process claim because Plaintiff does not allege that the disciplinary ticket was written against him in retaliation for exercising a constitutional right. Plaintiff does not allege that the ticket was written in the absence of any evidence. To the contrary, Plaintiff states in his complaint that the book was found on the floor outside of his cell, leading to the conclusion that it in fact belonged to him. This is enough to satisfy the 'some evidence' requirement. *See Black*, 22 F.3d at 1402. Because there was no due process violation in the issuance of the disciplinary ticket, the claims against Defendants Hume, Hulick, Rees, and Thomas are dismissed with prejudice.

Plaintiff further alleges that his rights were violated when he was sent to segregation by Defendants GoForth and Johnson based on the disciplinary ticket. Prison disciplinary hearings satisfy due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner 24 hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, *but only* when doing so will not unduly jeopardize the safety of the institution nor correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Plaintiff does not allege that he failed to receive notice of the charges, that he could not appear at the hearing, nor that he did not receive a written statement at the close of the proceedings. Rather, Plaintiff alleges that Defendants GoForth and Johnson failed to call his witnesses at the hearing in violation of his due process rights.

In considering the right to call witnesses, the Supreme Court determined that a prison has a legitimate interest in controlling individual inmates as well as the prison in general and that this

interest is threatened by allowing inmates the opportunity to call witnesses to disciplinary hearings, making the potential value of the witness testimony small in comparison to the cost to security. *Wilkinson v. Austin*, 545 U.S. 209, 228 (2005). Where the inquiry draws more on the experience of prison administrators and where the Prison's interest implicates the safety of other inmates and prison personnel, the informal, nonadversary procedures set forth in *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex,* 442 U.S. 1 (1979), and *Hewitt v. Helms,* 459 U.S. 460 (1983), provide the appropriate model. *Wilkinson*, 545 U.S. at 229.

Were an inmate allowed unlimited access to witnesses and other attributes of an adversary hearing, both the prison's immediate objective of controlling the prisoner and its greater objective of controlling the prison could be defeated. The danger to witnesses, and the difficulty in obtaining their cooperation, make the probable value of an adversary-type hearing doubtful in comparison to its obvious costs. *Id.* at 228. Due process requires that inmates be allowed to call witnesses only where the prison administration determines that doing so will not unduly jeopardize the safety of the institution or correctional goals. *Wolff*, 418 U.S. 539. Here, Defendants GoForth and Johnson made a determination that it was not necessary, considering the risks involved as stated above. Because administrators are not required to allow inmates to call witnesses where such risks are involved, and because Plaintiff has not alleged that the hearing was in any other way faulty, there has been no violation of due process. Plaintiff's claims against Defendants GoForth and Johnson are dismissed with prejudice.

Plaintiff finally alleges that Defendant Suhre violated his rights when she denied his grievance regarding the disciplinary ticket. However, there is no constitutional violation where a plaintiff utilizes the grievance system but receives a result he does not like. *See Conyers v. Abitz*,

416 F.3d 580, 586 (7th Cir. 2005) (plaintiff's argument that conspiracy by prison officials to deny administrative review of his grievances by dismissing them was frivolous where plaintiff had access to the grievance procedure but he did not obtain the outcome he desired).  Plaintiff wrote a grievance, and Defendant Suhre responded based on the facts.  Plaintiff's disagreement with Defendant Suhre's determination does not create a constitutional violation.  For this reason, Plaintiff's claim against Defendant Suhre is dismissed with prejudice.

### DISPOSITION

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.  This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 04/14/11

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge