### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAEED YOUNGER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| DONALD A. HULICK, | ) |
| U REES, | )    **CIVIL NO. 10-454-GPM** |
| JODI SUHRE, | ) |
| MR. THOMAS | ) |
| JERRY W. GOFORTH | ) |
| DAVID T. JOHNSON | ) |
| FREDERICK J. HUME | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on remand from the United States Court of Appeals for the

Seventh Circuit (*See* Doc. 29).  Plaintiff, an inmate in the Lawrence Correctional Center, filed this

action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  On April 14, 2011,

this Court reviewed Plaintiff's complaint pursuant to 28 U. S. C. § 1915A, and dismissed Plaintiff's

retaliation claim and due process claim (Doc. 13).  The United States Court of Appeals for the

Seventh Circuit reversed the dismissal of Plaintiff's due process claim, and remanded the matter

with instructions.

The following is a brief summary of the facts alleged in the complaint.  Defendant Hume,

a correctional officer, found a book lying on the floor in front of Plaintiff's cell and simply assumed

the book belonged to Plaintiff.  As a result, Defendant Hume wrote Plaintiff a disciplinary ticket for

possession of contraband relating to gang or unauthorized activity.  Defendants Hulick, Rees, and Thomas signed the disciplinary report. At Plaintiff's disciplinary hearing in front of Defendants GoForth and Johnson,  Plaintiff was not permitted to call witnesses to testify because the committee declared the proposed testimony irrelevant.  The disciplinary committee found Plaintiff guilty and Defendant Hulick approved the committee's finding.  Plaintiff was sentenced to three months of segregation.  Plaintiff filed a grievance with Defendant Suhre, which was subsequently denied. According to Plaintiff, Defendants fabricated or condoned false accusations to retaliate against Plaintiff for his suspected gang affiliation.

Under 28 U. S. C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Here, the Court of Appeals has instructed this Court to determine whether Plaintiff's segregation was unusually harsh compared to the normal prison environment (*See* Doc. 29-2).  Such a determination cannot yet be made at the threshold stage of review.  Accepting Plaintiff's allegations as true, the Court finds  Plaintiff has articulated a colorable federal cause of action against Defendants Hulick, Rees, Suhre, Thomas, Goforth, Johnson, and Hume for a violation of due process rights.

**APPOINTMENT OF COUNSEL**

The Court of Appeals noted that Plaintiff would benefit from the assistance of counsel in assessing Plaintiff's position (Doc. 29-2).  Accordingly, as a random pick, attorney **Christopher Jerome Levy** of the Law Firm of Simmons, Browder, Gianaris, Angelides & Barnerd, LLC, One Court Street, Alton, Illinois, 62002 is hereby **APPOINTED** to represent Plaintiff in this matter

pursuant to SDIL-LR 83.1(i).[1] Mr. Levy is **DIRECTED** to file his entry of appearance **on or before August 28, 2012.**

**DISPOSITION**

The Clerk of Court shall prepare for Defendants **HULICK, REES, SUHRE, THOMAS, GOFORTH, JOHNSON, and HUME**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

---

[1] Under SDIL-LR 83.1(i), every member of the bar of this Court shall be available for appointment to represent or assist in the representation of those who cannot afford to hire an attorney.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for pretrial proceedings.

This entire matter is **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all the parties consent to such a referral*.

If judgment is rendered against Plaintiff and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: August 14, 2012

/s/ *G. Patrick Murphy*

G. PATRICK MURPHY
United States District Judge